**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PHILLIP ("KEVIN") MCLEMORE,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **LIFE TIME, INC. f/k/a** | : | |
| **LIFE TIME FITNESS,** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Phillip ("Kevin") McLemore (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Life Time, Inc. f/k/a Life Time Fitness (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Pennsylvania Human Relations Act ("PHRA"), Section 1981 of the Civil Rights Act ("Section 1981") and the Fair Labor Standards Act ("FLSA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Phoenixville, PA.
3. Upon information and belief, Defendant Life Time, Inc. f/k/a Life Time Fitness is a chain of fitness centers with a location at 700 E Swedesford Road, Wayne, PA 19087 and

corporate headquarters located at 2902 Corporate Place, Chanhassen, MN 55317.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.
5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

**JURISDICTION AND VENUE**

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.
8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.
9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
12. Plaintiff exhausted his administrative remedies under Title VII, the ADEA and the PHRA.
13. On or about August 7, 2026, Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race and age discrimination as well as retaliation against Defendant.
14. The Charge was assigned the Charge Number 530-2026-08888 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").
15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated August 17, 2026.
16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.
17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and more than one (1) year after filing his charge but within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.
18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is African American and was born in 1958.

21. In 2017, Defendant hired Plaintiff in the position of Personal Trainer.

22. Plaintiff was well qualified for his position and performed well.

## DEFENDANT SUBJECTED PLAINTIFF TO RACE DISCRIMINATION THROUGHOUT HIS EMPLOYMENT

23. Throughout his employment, Plaintiff experienced and observed a sustained pattern of racially disparate treatment in which African American employees at Defendant's facility were subjected to more severe discipline and adverse consequences than their Caucasian counterparts for comparable or less serious conduct.

24. Significantly, in March 2018, a Caucasian Manager screened a video depicting blackface during a mandatory meeting.

25. Plaintiff formally complained about the video being inappropriate.

26. Defendant did not discipline the Manager at the time, and he remained employed for over two (2) years before his eventual termination in June 2020.

27. Defendant's failure to take contemporaneous action in response to Plaintiff's complaint about a racially offensive video evidenced the discriminatory culture that was pervasive within Defendant.

## PLAINTIFF RECEIVED A WRITTEN WARNING WHILE A CAUCASIAN COWORKER WAS NOT DISCIPLINED FOR THE SAME CONDUCT

28. In 2020, Plaintiff received a written discipline for "failure to follow instructions" in connection with the distribution of medications and supplements.

29. However, Defendant did not discipline Lance Vugteveen (Caucasian), Manager, who engaged in the same conduct.

**DEFENDANT ISSUED PLAINTIFF A FINAL WRITTEN WARNING FOR AN INCIDENT IN WHICH A MEMBER RACIALLY INTIMIDATED HIM**

30. In August 2022, a Caucasian member confronted Plaintiff and shouted "Make America Great Again" while pointing aggressively towards his chest.
31. Although the member did not make physical contact with Plaintiff, he experienced the shouting and pointed gesture, directed at close range, as a racially threatening act of intimidation.
32. Defendant did not remove the member as warranted.
33. Plaintiff contacted law enforcement, and the matter ultimately proceeded to civil court.
34. It was not until October 2022, approximately two (2) months after the confrontation and only after Plaintiff pursued legal recourse as a victim of the member's conduct, that Plaintiff issued Plaintiff a Final Written Warning in connection with the incident.
35. The issuance of the Final Written Warning to Plaintiff over the incident is evidence of Defendant's discriminatory and retaliatory animus.

**PLAINTIFF COMPLAINED ABOUT DEFENDANT'S PAY PRACTICES**

36. In September 2025, Plaintiff complained to Monika Hill through text message regarding Defendant's pay practices, specifically objecting to the misclassification of Personal Trainers as contractors and the failure to pay them appropriately for their scheduled hours.
37. Thereafter, Defendant modified its pay practices for Personal Trainers, including, upon information and belief, in response to related class action litigation in New Jersey involving the same classification issue.

**PLAINTIFF'S JOB DUTIES REQUIRED HIM TO HAVE APPROPRIATE PHYSICAL INTERACTION WITH MEMBERS**

38. As part of Plaintiff's job duties as a Personal Trainer, appropriate physical interaction with members is inherent in the profession, to correct form, demonstrate technique, provide safety guidance, assist with recovery techniques, and assess physical condition.

39. Every Personal Trainer at Defendant necessarily has physical contact with members in the course of providing their professional services.

40. In addition, Plaintiff previously underwent neck surgery, he routinely had professional conversations with members who had undergone similar procedures after they noticed his surgical scar or shared their own experiences.

41. Those conversations often included discussions regarding their surgeries, physicians, rehabilitation, and recovery, and became a natural part of building trust and rapport with members.

42. Plaintiff had similar conversations with Vugteveen, following Vugteveen's own neck surgery.

43. At no time did Plaintiff believe he engaged in any conduct that violated company policy or constituted inappropriate behavior.

**DEFENDANT TERMINATED PLAINTIFF**

44. On February 28, 2026, it was reported that Plaintiff touched a female member on her neck in an inappropriate manner.

45. On March 11, 2026, Plaintiff was called into a meeting with Vugteveen, Chris Donnelly (Caucasian), Senior Personal Training Leader, and Mary Jo Mannella (Caucasian), Human Resources.

46. They proceeded to terminate Plaintiff for allegedly making a member feel uncomfortable and violating Defendant's "not touching" policy.
47. They claimed that there was a video of the alleged incident, but did not show it to Plaintiff.
48. In addition, they claimed there was a witness statement of the alleged incident, but did not identify any witness by name.
49. Plaintiff was 67 years old at the time of his termination and was the oldest Personal Trainer at Defendant's location.
50. Upon information and belief, Defendant replaced Plaintiff with a significantly younger Personal Trainer.

**DEFENDANT CONTESTED PLAINTIFF'S UNEMPLOYMENT COMPENSATION BENEFITS**

51. Following his termination, Plaintiff proceeded to apply for unemployment compensation benefits.
52. Defendant contested Plaintiff's unemployment compensation benefits, claiming that Team Members witnessed the alleged February 28, 2026 incident, but did not provide any witness statements or the names of the alleged witnesses.
53. In addition, Defendant falsely claimed that it had previously issued Plaintiff written disciplines regarding member complaints about inappropriate touching.
54. Importantly, a significantly younger Caucasian Personal Trainer previously violated the sexual harassment policy twice but was not terminated by Defendant.
55. Defendant discriminated against Plaintiff due to his race and age and retaliated against him for his complaint of discrimination in violation of Title VII, the ADEA, the PHRA and Section 1981.

56. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

57. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
58. Plaintiff is a member of a protected class in that he is African American.
59. Plaintiff was qualified to perform the job for which he was hired.
60. Plaintiff suffered adverse job actions, including, but not limited to termination.
61. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.
62. Defendant discriminated against Plaintiff on the basis of his protected class.
63. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.
64. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.
65. Defendant's conduct was willful or performed with reckless disregard to his federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – DISCRIMINATION BASED ON RACE**
**PENNSYLVANIA HUMAN RELATIONS ACT**

66. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
67. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his protected class (African American).

68. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – RACE DISCRIMINATION**
**SECTION 1981 OF THE CIVIL RIGHTS ACT**

69. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
70. Plaintiff is a member of protected classes in that he is African American.
71. Plaintiff was qualified to perform the job for which he was hired.
72. Plaintiff suffered adverse job actions, including, but not limited to termination.
73. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.
74. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.
75. Defendant intentionally discriminated against Plaintiff on the basis of his protected class.
76. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.
77. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.
78. Defendant's conduct was willful or performed with reckless disregard to his federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – AGE DISCRIMINATION**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**

79. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

80. Plaintiff was born in 1958.

81. Plaintiff was qualified to perform the job.

82. Defendant terminated Plaintiff.

83. Circumstances exist which give rise to an inference of discrimination against Plaintiff based on age.

84. Defendant has no legitimate non-discriminatory reason for its actions.

85. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

86. Defendant's unlawful discrimination was willful or with reckless disregard to Plaintiff's federally protected rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V – AGE DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

87. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

88. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his age.

89. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VI – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

90. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.
91. Plaintiff engaged in activity protected by Title VII.
92. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.
93. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.
94. Defendant's conduct/omission was willful or done with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VII – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

95. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.
96. Plaintiff engaged in activity protected by the PHRA.
97. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.
98. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VIII – RETALIATION**
**SECTION 1981 OF THE CIVIL RIGHTS ACT**

99. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

100. Plaintiff engaged in activity protected by Section 1981.

101. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

102. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IX – RETALIATION**
**THE FAIR LABOR STANDARDS ACT**

103. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

104. Plaintiff engaged in protected activity under the FLSA when he complained of practices prohibited by the FLSA to Defendant.

105. Defendant proceeded to terminate Plaintiff's employment.

106. The adverse employment actions discussed above were in retaliation to Plaintiff's engagement in actions protected by the FLSA.

107. As a result of the adverse employment actions, including, but not necessarily limited to, termination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that the Court grant him relief against Defendant included in the Prayer for Relief, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Phillip "Kevin" McLemore, requests that the Court grant him the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Compensatory damages for other economic and non-economic harm including, *inter alia*, mental anguish and/or emotional distress;

(c) Punitive damages;

(d) Liquidated damages;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences of a lump sum award in a single tax year;

(i) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(j) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: November 16, 2026

**By:** ***/s/David M. Koller***
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*